# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

CHRISTOPHER D. COBB,                    *
                                        *
            Plaintiff,                  *          CIVIL ACTION NO.: 2:20-cv-84
                                        *
     v.                                 *
                                        *
GETER, et al.,                          *
                                        *
            Defendants.                 *

## O R D E R

Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated March 17, 2023. Dkt. No. 40. Defendants filed a Response to Plaintiff's Objections. Dkt. No. 42. In the Report, the Magistrate Judge recommended the Court grant Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint without prejudice based on Plaintiff's failure to exhaust available administrative remedies. Dkt. No. 39 at 1.

In his Objections, Plaintiff argues Defendants failed to prove an administrative remedy was available. Dkt. No. 40 at 2. First, Plaintiff argues the Magistrate Judge erred in his consideration of Defendants' evidence that other inmates in Plaintiff's housing unit submitted grievances during the

relevant time period. The Magistrate Judge concluded this evidence cut against Plaintiff's claim administrative remedies were unavailable. In his Objections, Plaintiff offers a new argument, not presented to the Magistrate Judge, that the evidence only shows the other inmates turned in grievance forms, but it does not show how or from where they obtained the forms. This Objection is without merit. Plaintiff's initial argument was that Defendants could not show Plaintiff would have been able to obtain any remedy if he had able to turn in his grievance. Dkt. No. 28 at 3. The Court is under no obligation to consider argument not presented to the Magistrate Judge. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). Even if the Court did consider this new argument, it would not require a different outcome. The evidence demonstrates other inmates in Plaintiff's housing unit were able to pursue administrative remedies during the relevant time. Plaintiff claims administrative remedies were unavailable, and he has the burden to prove unavailability. Defendant's evidence undercuts Plaintiff's assertion. Furthermore, the record demonstrates Plaintiff could have pursued other avenues to submit grievances, as the Magistrate Judge acknowledged. Dkt. No. 39 at 11-12. Thus, Plaintiff's Objection is without merit.

Next, Plaintiff offers a supplemental exhibit consisting of two different informal resolution forms he submitted in the

months after this suit was filed, which do not relate to Plaintiff's claims in this case.  Dkt. No. 40 at 8-9. Plaintiff's argument is difficult to follow, but it appears he contends he had to pursue informal resolution before initiating his grievance, and the attached forms are examples of a step in that process.  Again, the Court is under no obligation to consider argument not presented to the Magistrate Judge.  Even if the Court did consider Plaintiff's new evidence, this would not negate the fact Bureau of Prisons' ("BOP") policy provides other avenues to Plaintiff for filing grievances, such as requesting an extension or bypassing the institutional-level grievance procedure.  See 28 C.F.R. § 542.14(a), (b), (d)(1). Indeed, Defendants point out failure to pursue informal resolution does not prevent the filing of a formal grievance. Dkt. No. 42 at 2 n.1.  Plaintiff argues these alternative methods are futile, dkt. no. 40 at 3, but a prisoner's belief about the futility of a grievance process is irrelevant to proper exhaustion.  See Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).  A prisoner must still attempt to pursue the grievance process, regardless of his feelings of its efficacy.  Thus, this Objection is also without merit.

Finally, Plaintiff argues the Magistrate Judge essentially requires Plaintiff to have "grieved a breakdown in the grievance process."  Dkt. No. 40 at 5.  This Objection lacks merit.  The

AO 72A
(Rev. 8/82)

Magistrate Judge reviewed the evidence and concluded the grievance process was available. Dkt. No. 39. The Magistrate Judge did not suggest Plaintiff needed to grieve a breakdown in the grievance process—he merely concluded the grievance process and its alternatives were available and should have been exhausted prior to Plaintiff filing suit.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **GRANTS** Defendants' Motion to Dismiss, **DISMISSES without prejudice** Plaintiff's Complaint for failure to exhaust available administrative remedies, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal.

**SO ORDERED**, this ___12___ day of ___April___, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)