# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| CHRISTOPHER D. COBB, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:20-cv-84 |
| | * | |
| v. | * | |
| | * | |
| WARDEN GETER, et al., | * | |
| | * | |
| Defendants. | * | |

### ORDER

Presently before the Court is Plaintiff's Motion for Reconsideration. Dkt. No. 48. Defendants filed a Response in opposition. Dkt. No. 49.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th

AO 72A
(Rev. 8/82)

Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motion. He fails to present any newly discovered evidence revealing this Court's previously entered Order represents a manifest error of law or fact. Plaintiff primarily asserts the Court did not consider threats which "directly blocked and intimidated" him from engaging in the administrative remedy process. Dkt. No. 48 at 2. However, this is the first time Plaintiff has mentioned such threats. Plaintiff did not allege any specific threats of violence in his Complaint. Plaintiff only alleged his mail was being opened and soap dispensers had been removed from the units. Dkt. No. 17 at 7-8. He made some general statements about hostile interactions with prison staff in response to Defendants' motion to dismiss, but he did not state the interactions prevented him from completing the grievance process. Instead, Plaintiff stated the tone of the interactions suggested pursuing administrative remedies would be futile. Plaintiff's allegations in the instant Motion—that he was

2

blocked from pursuing administrative remedies—are entirely new. It is inappropriate to raise such issues for the first time in a motion for reconsideration. See McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1223 (M.D. Ga. 1997) ("The motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments.").

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration. The Court's April 14, 2023 Order remains the Order of the Court.

**SO ORDERED**, this \_\_\_23\_\_\_ day of \_\_\_May_____, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA